MICHIGAN LIMESTONE & CHEMICAL CO. v. DETROIT & MACKINAC RAILWAY CO.

1. RAILROADS — RESERVATIONS — EASEMENTS — NOT ABROGATED BY SUBSEQUENT DEALINGS.

   Reservations in a deed of a right of way to a railway company, reserving to grantor the right to cross said right of way with roadways of any and every character, *held*, not abrogated or modified by subsequent dealings between the parties.

2. SAME—RESERVATIONS—"ROADWAYS OF EVERY CHARACTER" INCLUDE RAILWAYS.

   A reservation in a deed of a right to cross the conveyed right of way of a railroad company with "roadways of any and every character," is broad enough to include crossings by grantor's plant railways.

———

[1]Railroads, 33 Cyc. p. 172; [2]Id., 33 Cyc. p. 172; 48 L. R. A. (N. S.) 378; 22 R. C. L. 872.

3. SAME—AFFIRMATIVE EASEMENTS—SERVITUDE.
    Reservations in a deed to a railway company, conveying
    a right of way through grantor's property, imposed a
    servitude by way of an affirmative easement, benefiting the
    remaining lands and industrial use thereof by the grantor
    by commission of acts on the land granted.

4. SAME—CANCELED AGREEMENT NO PART OF EASEMENT NOT IM-
    PORTANT IN DETERMINING RIGHTS THEREUNDER
    Agreements between the grantor and the railway company,
    by which the grantor crossed the company's track, includ-
    ing longitudinal use thereof between switches, are no part
    of the easement, and, having been canceled, are of no
    further moment in determining the respective rights of
    the parties under the easement.

5. SAME—EASEMENTS—DECREE MODIFIED.
    That part of the decree of the court below permitting
    longitudinal use of the railway company's track by the
    grantor is declared, on appeal, to be no longer in force.

6. SAME—APPLICATION OF FEDERAL STATUTES TO OPERATION OF
    PLANT RAILWAYS.
    Whether grantor, in operating its plant locomotives and
    train equipment across the railway company's track in
    pursuance of the easement, should comply with the Federal
    boiler inspection act and the Federal safety appliance
    act, it not being a common carrier, held, of no concern
    upon the question of rights under the easement.

7. SAME—GRADE CROSSINGS ALLOWED BY DEED AND APPROVED BY
    PUBLIC UTILITIES ARE MATTER OF RIGHT.
    Grade crossings of the railway company's track by the
    grantor's plant railway, provided for in the reservations
    in the deed of the right of way, and approved by the public
    utilities commission, are maintainable by the grantor as
    matter of right.

Appeal from Presque Isle; Emerick (Frank), J.
Submitted January 5, 1927.    (Docket No. 24.)    De-
cided April 1, 1927.

Bill by the Michigan Limestone & Chemical Com-

---

[3]Railroads, 33 Cyc. p. 172; [4]Id., 33 Cyc. p. 172; [5]Appeal and
Error, 4 C. J. § 3157; [6]Railroads, 33 Cyc. p. 172; [7]Id., 33 Cyc.
p. 172.

pany against the Detroit & Mackinac Railway Company to confirm rights reserved in a deed, and to enjoin interference therewith. Defendant filed a cross-bill for affirmative relief. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Edward S. Clark,* for plaintiff.

*Carl R. Henry* and *Victor D. Sprague,* for defendant.

WIEST, J. The Rogers City branch of the Detroit & Mackinac Railway Company leaves the main line at Posen junction, and, near Rogers City, bisects the property of plaintiff company. The right of way through plaintiff's property was granted by deed in 1911, with the following reservations:

"The party of the first part also reserves the right to cross the herein described right of way with roadways of any and every character, and with pipe lines, wires, conduits and any other structures, for transporting materials, either overhead, below ground or on the surface, as may be necessary, for the purposes of the Michigan Limestone & Chemical Company, or of any associated enterprises, provided that such rights be not exercised to interfere with the operation of the railway, and to be exercised in such manner as to put second party to no expense therefor."

Plaintiff's business has expanded, and necessary pipe lines, wires, conduits, roadways and overhead rail crossings have been installed. Friendly relations led the parties to work in harmony, not only in installing and maintaining crossing rights reserved in the deed, but longitudinal use of the railway track by aid of switch connections and also erections and encroachments on the right of way. There came a time, however, when shipments by water instead of rail occasioned strained relations, resulting in abrogation of agreements and reversion to strict rights under the reservations in the deed. The plaintiff set forth its

claimed rights in the bill herein, asked the court to confirm the same and enjoin defendant from interfering therewith, and defendant, by answer in the nature of a cross-bill, averred its claim of rights. The learned circuit judge decreed the rights of the limestone company in accord with the reservations in the deed, afforded continued longitudinal use of defendant's track for crossing purposes during installation of direct grade crossings, and dismissed the cross-bill of the railway company. The railway company appealed.

We are satisfied, as was the circuit judge, that the reservations in the deed have not been abrogated or modified by subsequent dealings between the parties, and, therefore, still measure the rights of the parties.

The railway company contends that the reservation of "the right to cross the herein described right of way with roadways of any and every character" should not be held inclusive of crossings by plaintiff's plant railways. "Roadways of any and every character" is too comprehensive a term to be cut down to mean a mere road for teams, trucks, and pedestrians. Such a holding would not comport with the character of the easement intended and expressed. At the time of the deed plaintiff was planning extensive business operations, and, the year before, had started establishment of its plant. The reservations expressly provided for future needs "for transporting materials, either overhead, below ground, or on the surface, as may be necessary, for the purposes of the Michigan Limestone & Chemical Company, or of any associated enterprises." The lay of the land, bisected by the railroad, the location of the docks of plaintiff on Lake Huron, the place of deposits of limestone and the distance and means of carriage to the plant, all spoke for ways and measures other than an ordinary road and of necessity demanded cars, locomotives, tracks and rail crossings. As needs developed in the growth of the

business, facilities in accord with the reservations were installed amicably. The deed provided that the reserved rights be exercised without interfering with the operation of defendant's railway, and this explains in a reasonable way the correspondence on the subject of the various crossings, for it was proper, if possible, to make the same at times and in manner satisfactory to the railway company. Plaintiff's business has expanded to the point where it operates 23 of its own locomotives, 15 trains, 183 cars, 6 steam shovels and employs about 600 men. Plaintiff's main plant is north of defendant's railroad, while its limestone deposits and quarry are south thereof. The reservations in the deed imposed a servitude, by way of an affirmative easement, benefiting the remaining lands and industrial use thereof by the grantor by commission of acts on the land granted.

The limestone company has employed its reserved rights from time to time by installing two overhead electric power wire crossings on poles; four surface roadways; two overhead girder crossings for its locomotives and cars; an underground electric cable crossing; an underground conduit for pipe lines and electric cables; an underground conduit for water pipes and an overhead telephone line. By agreement, now abrogated, plaintiff's trains crossed defendant's railway at grade by means of switches and between switches longitudinal use of defendant's track. Such switch connections and longitudinal use of defendant's railroad are no part of the easement, and such use, under agreement, having been canceled, is of no further moment, except that the circuit judge permitted continued use pending establishment of rail crossings at grade.

It is stated in the brief for plaintiff that by the time this case is decided the grade crossings will have been installed. We accept this as the situation, and the

part of the decree permitting longitudinal use of defendant's track will no longer be in force.

We find no modification of the reservations arising out of the amicable construction of various crossings but rather a praiseworthy effort by both parties to act in harmony with reference to the reserved rights.

Defendant asserts failure of plaintiff to comply with the Federal boiler inspection act (36 U. S. Stat. pp. 913-916, U. S. Comp. Stat. §§ 8630-8639) and the Federal safety appliance act (36 U. S. Stat. pp. 298, 299, U. S. Comp. Stat. §§ 8617-8619, 8621-8623) with reference to its locomotives and equipment. Right to operate locomotives and train equipment across defendant's right of way is a part of the easement. Whether plaintiff should comply or not with the Federal laws mentioned, it not being engaged in the business of a common carrier, is of no concern here upon the subject of rights under such easement. If plaintiff ought to comply with the laws mentioned, there is a way to bring that about, but between the parties to this suit it cannot be urged by the railway company to defeat enjoyment of rights reserved in the deed. We have found no law suspending the easement or forfeiting rights thereunder in case of failure to comply with the Federal acts.

Prior to the commencement of this suit, plaintiff had made no application to the Michigan public utilities commission for any of the crossings. The record before us shows such an application during the pendency of the suit and approval thereof by the commission before decree. Under the reservations and approval by the commission, rail crossings at grade are of right.

The decree in the circuit, with the exception of continued longitudinal use of defendant's track, is affirmed, with costs to plaintiff.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred. BIRD, J., did not sit.